IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cr-00009-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEREK SHANE LAWRENCE | ) | |
| _____ | ) | |

This matter came before the Court on August 21, 2024 for an inquiry into the status of counsel. The Government was represented by Assistant United States Attorney Alexis Solheim. Defendant appeared with his retained counsel, Michael Edney.

At the conclusion of the hearing, the undersigned issued certain oral rulings, which are memorialized by this Order.

## I. Relevant Procedural Background

On February 6, 2024, a Bill of Indictment was filed against Defendant. Doc. 1.

On June 21, 2024, Defendant pled guilty before the undersigned to Count One, which charged him with violating Title 18, United States Code, Section 922(g)(1). At the conclusion of that hearing, Defendant, through Mr. Edney, made an oral motion for a detention hearing and the Government made an oral motion that such a hearing be continued. Both motions were granted and a detention hearing was scheduled for June 26, 2024.

1

Following that hearing on June 26, 2024, Defendant was detained pending further proceedings. Doc.21.

On July 19, 2024, a *pro se* letter from Defendant was docketed through which Defendant requested reconsideration of the Court's decision concerning detention. Doc. 24.

On July 22, 2024, defense counsel filed a motion similarly requesting "a second detention hearing." An amended motion to that effect was filed by defense counsel a few days later, and the Government subsequently responded in opposition. Docs. 25, 26, 27.[1]

On August 9, 2024, the Probation Office filed a draft presentence investigation report. Doc. 28.

Additional *pro se* letters from Defendant were docketed on August 12, 2024 and August 15, 2024. Docs. 29 and 30. Through these letters, Defendant raised issues concerning Mr. Edney's representation.

An inquiry into the status of counsel was scheduled for August 19, 2024. However, Mr. Edney did not appear for that proceeding, a show cause order was entered, and the hearing was rescheduled for August 21, 2024. Doc. 31.

On August 20, 2024, Mr. Edney filed a response to the show cause order. Doc. 34.

---

[1] The requests concerning the Court's previous detention decision are currently pending.

## II. The Proceedings on August 21, 2024

Neither Mr. Edney nor Defendant requested that the Court hear from them in a closed proceeding and both of them proceeded to make statements concerning the issues related to Mr. Edney's representation. After hearing those initial statements, the Court, acting *sua sponte*, directed that the courtroom be closed and the record sealed so that additional discussions could be conducted in a closed proceeding.[2] The Court then heard further from both Mr. Edney and Defendant.

During that closed proceeding, Mr. Edney made an oral motion to withdraw.

Afterward, the courtroom and the record were unsealed.

The Government took no position regarding the issue of counsel.

## III. Discussion

In evaluating the status of counsel in this matter, the Court has considered the following factors: 1) the timeliness of the request for new counsel and/or to withdraw; 2) the reasons given as to why counsel's representation should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of

---

[2] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

3

communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see also McCracken v. United States, No. 3:21-cv-35-RJC, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted); United States v. Frazier, 313 F. App'x 587, 588 (4th Cir. 2008) (per curiam) (unpubl.) (finding that a district court did not abuse its discretion in denying a defendant's motions seeking the withdrawal of retained counsel and the appointment new counsel and considering the following factors: (1) the timeliness of the motion to withdraw; (2) adequacy of the district court's inquiry into defendant's motion; and (3) the nature of the conflict between defendant and counsel) (citing United States v. Reevey, 364 F.3d 151, 156–57 (4th Cir. 2004); United States v. Johnson, 114 F.3d 435, 442 (4th Cir. 1997)).

Here, Defendant's plea hearing was conducted on June 21, 2024. More than 50 days later, Defendant's August 12, 2024 *pro se* letter was docketed indicating, for the first time, that there were problems in the professional relationship between Defendant and Mr. Edney. This delay weighs, somewhat, against allowing the withdrawal of Mr. Edney.

4

However (and despite Defendant's current suggestion that these issues have been present since the beginning of the case), it appears that the relationship between Defendant and Mr. Edney deteriorated most significantly in approximately the last six weeks (following the onset of Mr. Edney's mother's health issues). Further, although objections to the draft presentence report are due by August 23, 2024, a sentencing hearing has not yet been scheduled.

With regard to the extent of the conflict between defense counsel and Defendant, the Fourth Circuit has explained that it has been "concerned not with the indigent defendant's freedom of choice or with whether the attorney and his client have a 'meaningful relationship,' . . . but with a 'breakdown' of attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (internal quotations and citations omitted) (noting United States v. Swinney, 970 F.2d 494, 499 (8th Cir.), cert. denied, 506 U.S. 1011, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992), and cert. denied, 507 U.S. 1007, 113 S.Ct. 1650, 123 L.Ed.2d 271 (1993) (internal quotations and citation omitted) ("a defendant must show justifiable dissatisfaction with appointed counsel.... Justifiable dissatisfaction sufficient to merit substitution of counsel includes a conflict of

5

interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant....").

Here, having reviewed Defendant's filings and having heard from defense counsel and Defendant, the Court concludes that a change of counsel is warranted.

In addition, having reviewed Defendant's financial affidavit, which was prepared with the assistance of attorney Rhett Johnson, who is a member of the Federal Defender's Office, the Court concludes that Defendant qualifies for appointed counsel.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's request for new counsel and defense counsel's oral motion to withdraw are **GRANTED** and Mr. Edney is **WITHDRAWN** as counsel of record for Defendant.

2. Defendant's request for appointed counsel is **GRANTED** and Rhett Johnson of the Federal Defender's Office is **APPOINTED** for that purpose.

3. The show cause order is **DISCHARGED**.

Signed: August 23, 2024

W. Carleton Metcalf
United States Magistrate Judge